**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDGAR ARMANDO CATALA, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-CV-00772 |
| v. | (JUDGE CAPUTO) |
| ANTHONY MARTINE, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is a Partial Motion to Dismiss Plaintiff Edgar Armando Catal's Complaint (Doc. 8) filed by Officers Anthony Martine and Aaron Simon, Chief Frank DeAndrea, Mayor Joe Yannuzzi, John/Jane Doe #1-X, and the City of Hazleton ("Defendants"). Plaintiff's Complaint asserts claims for unlawful seizure, excessive force, false imprisonment, malicious prosecution, supervisory liability, failure to intervene, civil conspiracy, municipal liability, assault and battery, equal protection under the Fourteenth Amendment, and failure to prevent actions pursuant to 42 U.S.C. § 1986. Defendants move to dismiss the conspiracy claims on the basis that they are all part of the same governmental unit and therefore cannot conspire among themselves because they are considered one entity. Defendants also move to dismiss the section 1986 claim as time-barred by the one-year statute of limitations. Because Plaintiff has failed to adequately plead his conspiracy claims, these claims will be dismissed without prejudice. Plaintiff shall have twenty-one (21) days from the date of entry of this Memorandum to file an Amended Complaint to properly plead his conspiracy claims. Because Plaintiff's section 1986 claim is time-barred by the one-year statute of limitations, this claim will be dismissed with prejudice.

**I. Background**

The facts as set forth in Plaintiff's Complaint are as follows:

In the early morning hours on October 5, 2013, Plaintiff Edgar Armando Catala, retired to his bedroom on the second floor of his family residence to sleep before going to work later that morning. At some point between 2:30 AM and 3:30 AM, while Plaintiff was asleep in his bed, Plaintiff's brother, Jonathan Garay ("Garay"), entered the family residence and was shot to death by members of the Hazleton Police Department. Plaintiff was not awakened by the shooting of his brother.

Following the shooting, Garay's family members were forcibly removed by law enforcement personnel from attending to Garay while he lay dying. All other occupants of the residence were corralled by the Hazleton Police Department and taken to the family room, only feet from where Garay lay dying from his wounds.

While "clearing" the home immediately following the shooting, Defendant Officers Anthony Martine and Aaron Simon entered Plaintiff's darkened bedroom while he was sleeping. Martine and Simon forcefully awoke Plaintiff, pulling him out of his bed and throwing him to the floor where he was assaulted and tased repeatedly in his back and head. Martine and Simon then handcuffed Plaintiff with his hands behind his back and placed him in a room in close proximity to the kitchen where his brother lay dying.

Immediately following the shooting, the Garay family was then subjected to insults from the Hazleton Police Department, while they were held captive in their living room, only feet away from their dying family member. Prior to the shooting and after, members of the Hazleton Police Department harassed members of the Garay family.

Following the tasing and handcuffing of Plaintiff, Defendants Martine and Simon falsified police reports concerning the occurrence, and falsely reported and then arrested Plaintiff for resisting arrest. Defendant Martine falsely testified at a preliminary hearing against Plaintiff. Defendants Martine and Simon together concocted a story that when they observed Plaintiff in his bed, they believed he was reaching for a gun. However, no weapon

was ever found and Defendants Martine and Simon never searched for any weapon after they tased and arrested Plaintiff.

After the incident, Defendant Martine falsely provided the concocted story in a sworn affidavit that was filed in support of criminal charges being brought against Plaintiff. As a result, Plaintiff was arrested, detained in a police lockup, and incarcerated in Luzerne County Prison until he was released on bail. Defendant Martine then falsely testified under oath to this concocted story at a preliminary hearing before a Magistrate Judge, resulting in the criminal charges being forwarded to the Court of Common Pleas of Luzerne County. The charges against Plaintiff were ultimately withdrawn by the Commonwealth.

On April 20, 2015, Plaintiff filed a sixteen (16) count civil rights Complaint against Defendants. Plaintiff's Complaint contains the following claims: (1) Count I contains a section 1983 unlawful seizure claim against the individual Defendants; (2) Count II contains a section 1983 excessive force claim against the individual Defendants; (3) Count III contains a section 1983 Fourth Amendment false imprisonment claim against the individual Defendants; (4) Count IV contains a section 1983 Fourth Amendment malicious prosecution claim against Defendants Martine and Simon; (5) Count V contains a state-law malicious prosecution claim against Defendants Martine and Simon; (6) Count VI contains a section 1983 supervisory liability claim against Defendants Yannuzzi, DeAndrea, and the John Doe Defendants; (7) Count VII contains a section 1983 failure to intervene claim against the individual Defendants; (8) Count VIII contains a section 1983 civil conspiracy claim against the individual Defendants; (9) Count IV contains a section 1983 municipal liability claim against the City of Hazleton; (10) Count X contains a state constitutional violation claim against the individual Defendants; (11) Count XI contains assault and battery claims against Defendants Martine and Simon; (12) Count XII is a civil conspiracy claim under state law against Defendants Martine and Simon, the City of Hazleton, and the John Doe Defendants;

(13) Count XIII is a section 1983 Fourteenth Amendment Equal Protection Claim against all Defendants; (14) Count XIV is a section 1981 claim for denial of equal rights under the law against all Defendants; (15) Count XV is a section 1985 claim for conspiracy to interfere with civil rights against all Defendants; and (16) Count XVI is a claim under sections 1985 and 1986 for failure to prevent actions against all Defendants. Defendants have moved to dismiss only the conspiracy claims in Counts VIII, XII, and XV and the section 1986 claim in Count XVI.

## II. Discussion

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint

4

must "show" this entitlement by alleging sufficient facts. *Id*. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The Court need not assume that the plaintiff can prove facts that were

5

not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.     Plaintiff's Conspiracy Claims**

Counts VIII, XII, and XV of Plaintiff's Complaint assert that Defendants conspired to violate Plaintiff's civil rights in violation of 42 U.S.C. § 1985(3) and 1986. In order to survive a motion to dismiss, Plaintiff must allege: (1) a conspiracy (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006).

To allege a civil conspiracy for purposes of section 1983, Plaintiff must aver "a combination of two or more persons to do a criminal act, or to do an unlawful act by unlawful means or for an unlawful purpose." *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974). Plaintiff must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997) (citation and internal quotation marks omitted). It is not enough that the "end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Id.* When pleading a civil rights conspiracy, the "short and plain statement" provision of Fed. R. Civ. P. 8 is satisfied only if the defendant is provided with the degree of particularity that animates the fair notice requirement of the Rule. *See DeJohn v. Temple University*,

No. 06-778, 2006 WL 2623274, at *4 (E.D. Pa. Sept. 11, 2006) (citation omitted).

Plaintiff's task in pleading a civil conspiracy claim is made considerably more difficult by the intracorporate conspiracy doctrine, which holds that the employees of an entity cannot conspire with the entity unless they are acting in a *personal*, as opposed to official, capacity in the conspiracy. *Id.* (citing *Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431 (3d Cir. 1988); *see also Lande v. City of Bethlehem*, 457 F. App'x 188, 193 (3d Cir. 2012) ("[A] governmental entity and its agents–such as the Department and individual officers here–cannot conspire because they are considered one and, therefore, the 'two or more persons' requirement is not met.") (citation omitted).

Acknowledging the intracorporate conspiracy doctrine, Plaintiff concedes that his conspiracy claims in Counts VIII, XII, and XV against individual Defendants Martine, Simon, Deandrea, Yanuzzi, and John/Jane Doe #1-X, in their *official* capacities, must be dismissed. (*See* Doc. 16-1, at 7.) I will therefore grant Defendants' motion to dismiss these claims.

However, Plaintiff maintains that he has adequately alleged conspiracy claims against Defendants in their *individual*, as opposed to official, capacities. Plaintiff correctly argues that the intracorporate conspiracy doctrine does not apply where an employee has been sued in his individual capacity because the doctrine does not foreclose a plaintiff from establishing a conspiracy claim under section 1985 where the officer is acting in a *personal* capacity. *See Revak v. Lieberum*, No. 08-691, 2009 WL 1099187, at *2 (W.D. Pa. 2009) (noting that the intracorporate conspiracy doctrine does not apply where the defendants are sued in their individual capacities). Plaintiff emphasizes his allegation that the purported conspiracy was motivated by the *personal* interests of the individual defendants to hide their wrongdoing, as opposed to a desire to perform their *official* duties. Plaintiff therefore maintains that the conspiracy claims

7

against the individual Defendants acting in their individual capacities survive a motion to dismiss.

Defendants argue that Plaintiff has failed to set forth any allegations to support the conspiracy claims against Defendants in their individual capacities.  Although the pleading standard under Fed. R. Civ. P. 8 is a liberal one, "mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements." *Loftus v. SEPTA*, 843 F. Supp. 981, 987 (E.D. Pa. 1994).  In order to withstand a motion to dismiss, a complaint alleging a civil rights conspiracy "should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions and the people responsible thereof."  *DeJohn v. Temple University*, Civ. A. No. 06-778, 2006 WL 2623274, at *5 (E.D. Pa. Sept. 11, 2006) (dismissing conspiracy claim where the plaintiff failed to allege facts sufficient to establish defendants acting in their individual capacities).  Specific allegations of an agreement to carry out the alleged chain of events is essential in stating a claim for conspiracy.  *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997).

Here, Plaintiff has not made any allegations that the Defendants, in their *individual* capacities, had an agreement to carry out the alleged chain of events.  This fact is highlighted in Plaintiff's brief in opposition to Defendants' partial motion to dismiss where, rather than point to specific allegations in the Complaint to demonstrate assertions of conspiracy in Defendants' individual capacities, Plaintiff simply refers to the case caption and the fact that the individual Defendants were sued both in their official and individual capacities.

Despite any reference made in the caption, a close review of the Complaint itself demonstrates that Plaintiff specifically asserted that Defendants Martin, Simon, and John/Jane Doe #1-X were serving, at all relevant times, in their official capacity as sworn

officers of the Hazleton Police Department.  (*See* Doc. 1, ¶¶ 5, 6, 9 (" . . . is an adult individual who, at all times relevant hereto, was serving in his capacity as a sworn officer of the Hazleton Police Department, and was entrusted with the power to enforce the laws of the Commonwealth of Pennsylvania and the City of Hazleton.  Defendant . . . was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under the authority and color of the law").  Similarly, Plaintiff asserted that Defendants DeAndrea and Yannuzzi were "at all times relevant hereto, [] acting within the scope of [their] duties and authority, under color or title of state or municipal public law or ordinance."  (*See* Doc. 1, ¶¶ 7-8.)

This very issue was addressed in *DeJohn v. Temple University*, No. 06-778, 2006 WL 2623274 (E.D. Pa. Sept. 11, 2006), where the court found that the plaintiff's attempt to avoid the intracorporate conspiracy doctrine by claiming that the defendant was "clothed in his official capacity, but acting as an individual" defied common sense because the defendant could only engage in the purported act because of his official duty. *Id.* at *5.  In *DeJohn*, the Defendant professor alleged to have conspired with other university employees was able to cut off communications with Plaintiff and modify Plaintiff's enrollment status only because of his official status as a professor.  *Id.* at *5.  Therefore, even though Plaintiff alleged that "[Defendant's] acts were motivated by personal, rather than professional, animus, that is not sufficient to remove an act done in [Defendant's] official capacity from the ambit of the intracorporate-conspiracy doctrine." *Id.*  Likewise, even though Plaintiff here alleges that Defendant officers were motivated by personal, rather than professional, animus, that is not sufficient to remove their acts done in their official capacity form the ambit of the intracorprate-conspiracy doctrine because they were able to "unlawfully" detain and arrest Plaintiff only because of their *official* capacities as police officers.

9

Plaintiff's cases also support this conclusion.  *See, e.g., Robison v. Canterbury Village, Inc.*, 848 F.2d 424, 431 (3d Cir. 1987) (affirming dismissal of conspiracy claim because the plaintiff "made no allegation of any conspiracy beyond that of [Defendant] conspiring with the corporation in his corporate capacity"); *Suber v. Guinta*, 902 F. Supp. 2d 591, 608-09 (E.D. Pa. 2012) (granting motion to dismiss and noting that "even to the extent that defendant Officers are sued in their individual capacities, the [Plaintiffs] have not alleged any actions by defendant Officers, which show, or support a reasonable inference of an agreement among defendant Officers"); *Rosembert v. Borough of East Landsdowne*, 14 F. Supp. 3d 631, 647-48 (E.D. Pa. 2014) (granting motion to dismiss conspiracy claims where allegations do not provide sufficient facts to allow the court to plausibly determine that specific defendants formally agreed to violate Plaintiff's constitutional rights); *Tomino v. City of Bethlehem*, Civ. A. No. 08-cv-06018, 2010 WL 1348536, at *15-*18 (E.D. Pa. Mar. 31, 2010) (granting motion to dismiss conspiracy claims because the plaintiff failed to establish the existence of a conspiracy by alleging an agreement to commit an unlawful act).  Therefore, because Plaintiff has not sufficiently pled a claim for conspiracy against Defendants in their ***individual*** capacities, these claims contained in Counts VIII, XII, and XV will be dismissed without prejudice. Plaintiff shall have twenty-one (21) days from the date of entry of this Memorandum to re-plead these claims.

    **C.**    **Plaintiff's Section 1986 Claims**

A section 1986 claim must assert that (1) a conspiracy existed under section 1985(3); (2) the defendant had the power to prevent or at least the power to aid in preventing a section 1985 conspiracy to interfere with civil rights; (3) the defendant failed or refused to do so; and (4) a section 1985 wrong occurred. *Johnson v. Moran*, No. 12-313, 2013 U.S. Dist. LEXIS 148299 (W.D. Pa. Sept. 24, 2013).  Section 1986 does not

create an independent cause of action; it relies on the viability and presence of the section 1985 violation. Defendants argue that Plaintiff's section 1986 claim in Count XVI should be dismissed as time-barred by the one-year statute of limitations. *See* 42 U.S.C. § 1986 (providing that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued"). Plaintiff concedes this point. I will therefore grant Defendants' motion to dismiss this claim as time-barred.

### III. Conclusion

For the above stated reasons, Plaintiff's conspiracy claims against Defendants in their *individual* capacities contained in Counts VIII, XII, and XV will be dismissed without prejudice. Plaintiff shall have twenty-one (21) days from the date of entry of this Memorandum to file an Amended Complaint to properly plead these claims. Plaintiff's conspiracy claims against Defendants in their *official* capacities and Plaintiff's section 1986 claim will be dismissed with prejudiced.

An appropriate order follows.


December 3, 2015                                        /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                        United States District Judge